IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.1:15CR00319 |
| | : | |
| **Plaintiff,** | : | |
| | : | JUDGE: NUGENT |
| -vs- | : | |
| | : | |
| RYAN SUMLIN, | : | <u>MOTION TO DECLARE 21 U.S.C. §</u> |
| | : | <u>841 UNCONSTITUTIONAL</u> |

**Defendant**

Now comes the Defendant, RYAN SUMLIN, by and through undersigned counsel, who moves this Court to declare 21 U.S.C. § 841(b)(1)(C) unconstitutional for reason that the stated section:

1. Creates a situation wherein the mandated sentence which must be imposed is grossly disproportionate to the crime and thus violates the 5th and 8th Amendments of the U.S. Constitution;

2. Creates a situation wherein the mandatory sentence which must be imposed is grossly and/or narrowly disproportionate to the sentence imposed on others convicted of similar crimes and thus violates the 5th and 8th Amendments of the U.S. Constitution.

3. Creates a situation wherein the mandatory sentence which must be imposed renders the consideration of § 3553 factors irrelevant and thus violates the equal protection clause of the 14th Amendment, due process of law clause of the 5th Amendment and the cruel and unusual punishment clause of the 8th Amendment of the United States Constitution.

all for the reasons set forth below.

                                                      Respectfully submitted,

                                                      */S/ Rhonda Kotnik*
                                                      Attorney for Defendant
                                                      333 South Main Street, Suite 401
                                                      Akron, Ohio 44308
                                                      330-253-5533

## BRIEF

The Defendant here is charged by way of indictment with three counts. Count 1 is a violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(C) – Possession with the Intent to Distribute fentanyl with an enhanced penalty under 21 U.S.C. 841(b)(1)(C). In Count 2, he is charged with possession with the intent to distribute fentanyl under 21 U.S.C. 841 (a)(1) and (b)(1)(B) and Count 3 is a violation of section 841(a)(1) and (b)(1)(C).

The government has filed an information of prior conviction alleging that the Defendant has been convicted of at least two or more prior felony drug offenses and thus is subject to a mandatory term of life imprisonment (Doc. 114, 4/22/2018, PageID #585).

Defendant maintains that the imposition of life without parole sentence is unconstitutional.

The imposition of a life sentence in this case is grossly and narrowly disproportionate to the sentences imposed on others convicted of similar crimes and is grossly and narrowly disproportionate to the crime he is charged with and renders consideration of 18 U.S.C. § 3553 factors irrelevant.

Defendant is aware that the Sixth Circuit has held that a life sentence without parole for a third felony drug conviction pursuant to § 841(b)(1)(A)(iii) is not grossly disproportionate to the crime. *U.S. v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994). However, this case presents a unique series of facts.

During his trial, Mr. Sumlin admitted to trafficking heroin and fentyl. In dispute was whether his drugs caused the death of the victim. Mr. Sumlin took responsibly for his actions in both count two and count three. The jury submitted a question asking to explain "what is an independent sufficient cause of victim's death" and also asked what happens if all the jurors were not unanimous in reaching a verdict. The jury deliberated several more hours prior to reaching guilty verdicts.

The probation officer prepared a Pre-sentence report. It was determined that Mr. Sumlin has a total offense level of 38 and a criminal history category of VI. This corresponds to a guideline range of 360-life. Mr. Sumlin was not awarded a three level decrease for acceptance of responsibility since he proceeded to trial. The trial Judge cannot vary or impose a low guideline range because he is compelled to follow the statutory mandated sentence. Thus, the sentencing factors of § 3553 and the Court's own discretion become irrelevant. The very purpose of sentencing is negated – the imposition of a sentence "sufficient, but not greater than necessary."

Therefore, it appears that 21 U.S.C. § 841, as applied in this case is unconstitutional. The application of the enhancement creates a situation wherein the mandated life sentence without parole is grossly disproportionate the crime, is disproportionate to the sentences imposed on other convicted of similar crime, all in violation of the 8th Amendment to the U.S. Constitution. Further, the statute renders consideration of § 3553 factors irrelevant, is cruel and unusual, negates the proper discretion of the sentencing Judge, all in violation of the 5th, 8th and 14th Amendments of the U.S. Constitution. Defendant asks that the Court declare 21 U.S.C. § 841 unconstitutional and thus inapplicable in this case and sentence the Defendant according to the Court's discretion to a sentence "sufficient, but not greater than necessary."

>*/s/Rhonda Kotnik*
>Rhonda Kontik
>Attorney for Defendant

PROOF OF SERVICE

    I hereby certify that on July 3, 2018, a copy of the foregoing Motion to Declare 21 U.S.C. § 841 Unconstitutional was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/S/ Rhonda Kotnik*