IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN SUMLIN, | ) | CASE NO. 5:15 CR 319 |
| | ) | (5:21 CV 1975) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |

This matter is before the Court on Petitioner, Ryan Sumlin's Motion for Reconsideration. (Docket #216.) Petitioner asks the Court to reconsider its May 8, 2022 Memorandum Opinion and Order (Docket #213) denying his Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255.[1]

Discussion

A motion for reconsideration under Fed. R. Civ. P. 59(e) may be granted if there is a clear error of law, newly discovered evidence, an intervening change in the controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.

---

[1] The Factual and Procedural History of this case is set forth in this Court's May 8, 2022 Memorandum Opinion and Order. (Docket #213 at pp. 2-10.)

Ohio 1999). Petitioner asserts that this Court should reconsider its decision denying Petitioner's request for habeas relief, reiterating the grounds for relief set forth in his Petition – actual innocence; errors in instructing the jury and/or answering jury questions; and, ineffective assistance of counsel.

The Court has thoroughly reviewed Petitioner's Motion and finds no basis upon which to reconsider its April 8, 2022 decision. As set forth in this Court's Memorandum Opinion and Order, Petitioner presented no evidence to support a claim that he was actually innocent or that no reasonable jury would have convicted him; identified no error at all relative to the jury instructions or the Court's answers to jury questions, let alone one requiring reversal on collateral review; and, presented no evidence sufficient to support his claim for ineffective assistance of counsel. In his Motion for Reconsideration, Petitioner has failed to demonstrate a clear error of law; newly discovered evidence; or, an intervening change in the controlling law which would warrant reconsideration, and has failed to demonstrate that reconsideration is necessary to prevent manifest injustice.

## Conclusion

For the foregoing reasons, Petitioner's Motion for Reconsideration (Docket #216) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: May 6, 2022