IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 5:15 CR 319 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| -vs- | ) | |
| | ) | MEMORANDUM OPINION |
| RYAN K. SUMLIN, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This case is before the Court on Defendant, Ryan Sumlin's Rule 60(b)(6) Motion for Relief. (ECF #222). Mr. Sumlin seeks relief under Fed. R. Civ. P. 60(b)(6) or "any other reason that justifies relief." Rule 60(b)(6) is a rule of Civil Procedure. This rule does not apply to criminal cases and provides the Court no authority on which to void or reduce a sentence imposed in a criminal case. *See, e.g., United States v. Moon*, 527 Fed. App'x 473, 474 (6th Cir. 2013); *State v. Gibson*, 424 F. App'x 461, 464 (6th Cir. 2011).

Mr. Sumlin's basis for seeking relief from judgment is his assertion that his conviction was based on insufficient evidence that he provided the victim with the substance that caused her death. This issue was raised on direct appeal, and the Sixth Circuit found that there was sufficient evidence to support the conviction. (ECF #183). Mr. Sumlin then filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255. (ECF #202).[1] That motion was denied, and the denial was affirmed on appeal. (ECF # 213, 218). Mr. Sumlin also filed a Motion for

---

[1] Due to the nature and seriousness of the offense, and the length of the sentence, the Court appointed an attorney to assist Mr. Sumlin with the filing of his §2255 motion. (ECF #200, 201).

Reconsideration, which was denied. That denial was also affirmed on appeal. (ECF #216, 217, 218). Subsequently, Mr. Sumlin petitioned the Sixth Circuit for authorization to file a second or successive motion to vacate under §2255. The Sixth Circuit denied that request. (ECF #221).

Subsequently Mr. Waller filed the instant motion, which again seeks to vacate his sentence. (ECF #222). Although titled as a motion under Rule 60(b)(6), the Court construes this motion as a second or successive motion under §2255. Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*See* 28 U.S.C. § 2255(h).

Because Mr. Sumlin has failed to receive authorization from the Sixth Circuit to file this second, or successive §2255 motion, the motion may not be reviewed by the Court at this juncture. Therefore, the Clerk of Court is directed to transfer Mr. Sumlin's instant motion to the Sixth Circuit Court of Appeals pursuant to *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

IT IS SO ORDERED.

Date: October 26, 2023

_____
Donald C. Nugent
United States District Judge

2